**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3907-21

NEW JERSEY STATE
PAROLE BOARD,

     Respondent,

v.

JOSHUA BURTON,

     Appellant.

_____

          Submitted May 7, 2024 – Decided May 14, 2024

          Before Judges Puglisi and Haas.

          On appeal from the New Jersey State Parole Board.

          Fernandez Garcia, LLC, attorneys for appellant (Michael Garcia, of counsel and on the brief).

          Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Joshua Burton appeals from the June 29, 2022 State Parole Board (Board) final agency decision revoking his parole and establishing a fourteen-month future eligibility term (FET). We affirm.

On September 14, 2012, Burton attempted to sexually assault two women in separate attacks in a public library. He followed one of the women into a bathroom before attacking her. Burton ripped the woman's shirt, pulled down her pants, and attempted to anally penetrate her. Burton fled the bathroom after another woman entered and began yelling at him to stop the attack.

That same day, Burton accosted another woman in a library stairway. Burton grabbed the woman's breast, threatened to kill her, and began to pull her up the stairs. The woman was able to break free. Someone called 9-1-1 and the police arrested Burton near the library.

In June 2013, Burton pled guilty to one count of second-degree sexual assault and one count of fourth-degree criminal sexual contact. The trial court sentenced Burton to an aggregate five-year term in prison and Parole Supervision for Life (PSL).

As part of his PSL, Burton was subject to a number of conditions upon his release from prison, including conditions that required him to: reside at a residence approved by his parole officer; obtain permission from his parole

officer prior to any change in residence; participate in and successfully complete an appropriate community counseling or treatment program as directed by his parole officer; successfully complete the Electronic Monitoring Program (EMP); and participate in and successfully complete the Community Resource Center (CRC) program.

On January 28, 2021, Burton was discharged from his outpatient drug treatment program after he was observed masturbating during a Zoom counseling session. On March 5, 2021, Burton's CRC program discharged him due to his repeated noncompliance with program rules. While on EMP, Burton violated his curfew and failed to successfully complete the program's requirements. Burton was placed in a residential program, which he completed on June 10, 2021.

The next day, Burton's parole officer referred him to the Restoration Shelter (Shelter) in Newark. The Shelter terminated him from the program on June 17, 2021, after he was seen entering the woman's bathroom and remaining there, which echoed what he had done in his original offense. After his discharge, Burton's whereabouts were unknown for three days and he failed to obtain permission from his parole officer prior to changing his address.

3

Burton was thereafter served with a Notice of Probable Cause Hearing, which advised him of the parole conditions he had violated and his rights at the hearing. Burton elected to waive the probable cause hearing and the matter proceeded as a final parole revocation hearing.

During the revocation hearing, the hearing officer heard testimony from Parole Officer Barragan, Lorena Inestroza, and Shawn Favors. Barragan provided a summary of Burton's parole supervision history, including details and documents related to each violation Burton committed. Inestroza, who was a counselor at the Shelter, testified regarding the June 17, 2021 incident in the women's bathroom. Favors, who was a counselor at the CRC program, testified regarding the January 28, 2021 incident where Burton was observed masturbating during a Zoom counseling session.[1]

At the conclusion of the hearing, the hearing officer found by clear and convincing evidence that Burton violated the conditions of PSL, and recommended that Burton's parole be revoked with the imposition of a fourteen-month FET. On January 19, 2022, a two-member Board Panel reviewed the

---

[1] Favors was not present during the Zoom call, but reviewed a video provided by a person who was present and confirmed that Burton was the man seen in the video.

record and concurred with the hearing officer's determination. The panel revoked Burton's parole and imposed a fourteen-month FET.

Burton filed an administrative appeal of this decision and, on June 29, 2022, the full Board affirmed the panel's determination. This appeal followed.

On appeal, Burton argues the Board's decision was not supported by clear and convincing evidence and that the hearing officer inappropriately allowed hearsay evidence into the record. We have considered these contentions in light of the record and the applicable legal principles and conclude they are without sufficient merit to warrant extended discussion in a written opinion. See R. 2:11-3(e)(1)(D) and (E). We add the following comments.

"Parole Board decisions are highly 'individualized discretionary appraisals.'" Trantino v. N.J. State Parole Bd. ("Trantino VI"), 166 N.J. 113, 173 (2001) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)). As such, we give great deference to the Board's "expertise in the specialized area of parole supervision." J.I. v. N.J. State Parole Bd., 228 N.J. 204, 230 (2017).

In reviewing a final decision of the Board, this court considers: (1) whether the Board's action is consistent with the applicable law; (2) whether there is substantial credible evidence in the record as a whole to support its

findings; and (3) whether in applying the law to the facts, the Board erroneously reached a conclusion that could not have been reasonably made based on the relevant facts. Trantino v. N.J. State Parole Bd. ("Trantino IV"), 154 N.J. 19, 24 (1998). Consequently, where the Board has applied the correct legal standard, our role is limited to determining whether the decision was arbitrary, capricious, or unreasonable. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). "The burden of showing that an action was arbitrary, unreasonable or capricious rests upon the appellant." Ibid.

Applying these principles, we are satisfied that the Board's revocation of Burton's parole and the imposition of a fourteen-month FET was supported by sufficient credible evidence in the record and was neither arbitrary, capricious, or unreasonable. Contrary to Burton's contentions on appeal, there was ample non-hearsay evidence in the record to support the Board's findings and conclusions. This evidence included the video of the Zoom counseling session; the discharge documents from the programs Burton undeniably failed to complete; Inestroza's testimony about the incident in the Shelter bathroom, and

Barragan's testimony about Burton's failure to keep him apprised of his whereabouts.[2]

Accordingly, we affirm substantially for the reasons stated by the Board in its June 29, 2022 final decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Burton also complains that Favors was permitted to testify even though he was not on the Board's original witness list. However, the hearing officer offered to adjourn the hearing to allow Burton's counsel additional preparation time if needed, and Burton's counsel declined the offer. Therefore, the Board correctly rejected Burton's contention on this point.

A-3907-21